United States District Court
Middle District of Florida
Jacksonville Division

**ABDELAZIZ HAMZE,**

**Plaintiff,**

**v.** **NO. 3:23-CV-1394-JEP-LLL**

**NURSE MORGAN, ET AL.,**

**Defendants.**

---

## Order

1. The Court construes plaintiff's Motion to Reset Deadline to Reply, doc. 89, as a motion for leave to file a reply and **denies** the motion. Absent exceptions that do not apply here, a party may not reply to a response without leave of Court. *See* Local Rule 3.01(e), Middle District of Florida Local Rules. Further, for reasons explained below, a reply brief would not change the outcome of plaintiff's motion to compel.

2. The Court **denies** plaintiff's motion to compel, doc. 86. Plaintiff seeks personnel information for defendants Morgan and Davis. *See* doc. 86 at 1; doc. 87-1 at 6. Defendants respond that they lack possession, custody, or control of that information because Davis and Morgan worked for Centurion, a private medical contractor that maintains its own personnel files. *See* doc. 87 at 2–4; doc. 87-3.

Rule 34 requires a party to produce only those documents within its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984). Nothing in the record suggests that defendants, who are correctional officers and a warden, have a legal right to obtain a private contractor's staffing records or photographs of its employees. The Court cannot compel defendants to produce what they do not control.

Plaintiff's remaining arguments also lack merit. Defendants timely responded to his request, s*ee* doc. 87-2 at 1, 3, and no order required defendants to identify Davis and Morgan. *See* Orders, docs. 60, 85. Finally, plaintiff's motion also lacks the certification required by Rule 37(a)(1). *See* Fed. R. Civ. P. 37(a)(1); Order, doc. 85 ¶ 9.

3. Although plaintiff has not shown that defendants possess or control the requested records, a subpoena may command a nonparty to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); *see* Order, doc. 69 at 1–2 (advising plaintiff that he may seek discovery under the Federal Rules of Civil Procedure after the Court enters a scheduling order). Because the deadline to request discovery has passed, *see* doc. 85 at 1, the Court sua sponte **grants** plaintiff leave to serve one subpoena on Centurion for records sufficient to identify:

(a) the full name and last known address of any person with the last name Davis whom Centurion employed as medical staff at Suwannee Correctional Institution from April 27 through May 1, 2020; and

(b) the last known address of Ashley Morgan, *see* doc. 42 at 1, the nurse plaintiff alleges worked in the medical unit at Suwannee Correctional Institution on December 26, 2019.

Centurion may provide any address to the Clerk, rather than to plaintiff, by mail to 300 North Hogan Street, Suite 9-150, Jacksonville, Florida 32202. Any address Centurion provides will be filed under seal.

4. The Court directs the Clerk to send plaintiff a signed but otherwise blank subpoena form (AO 88B). *See* Fed. R. Civ. P. 45(a)(3). Plaintiff must complete the form in accordance with paragraph 3 of this Order and attach a copy of this Order. Before serving the subpoena on Centurion, plaintiff must serve defense counsel with written notice of the requested production and a copy of the completed subpoena and attached Order. *See* Fed. R. Civ. P. 45(a)(4). Plaintiff must arrange for a person who is at least 18 years old and is not a party to serve the subpoena and attached Order on Centurion no later than **December 4, 2026**. Plaintiff must specify **December 28, 2026**, as the deadline for production in the subpoena. Plaintiff bears the cost of service and may not serve the subpoena himself. *See* Order, doc. 85 ¶ 5; Fed. R. Civ. P. 45(b)(1).

5. The Court sua sponte **extends** to **January 8, 2027**, plaintiff's deadline to file additional information relating to the identity and service of defendants Davis and Morgan, *see* doc. 85 at 1. The circumstances warrant this extension because the limitations period on plaintiff's claims expired, *see* Order, doc. 83 at 8, and dismissing Davis and Morgan now would prevent plaintiff from refiling his claims against them. *See Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007) (explaining that, even absent good cause, a court must consider whether other circumstances, including the running of the statute of limitations, warrant an extension of time for service). Plaintiff must file any additional identifying or service information by **January 8, 2027**. If, by that date, neither plaintiff's submissions nor any information Centurion submits under seal provides sufficient information for the United States Marshal to serve Davis or Morgan, the Court will dismiss the claims against that defendant without further notice.

6. The Court extends the discovery deadlines solely to permit service of the subpoena authorized by this Order and completion of the resulting production by **December 28, 2026**. All other deadlines in the Case Management and Scheduling Order, doc. 85, remain in effect. If Davis or Morgan appears in this action, the Court will enter a separate schedule for the claims against that defendant.

7. The Court **denies without prejudice** plaintiff's motion for assistance of counsel, doc. 88. A civil litigant has no constitutional right to counsel; appointment of

counsel "is a privilege that is justified only by exceptional circumstances." *Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). "[T]he key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). Plaintiff's claims arise from two incidents and involve settled legal standards and his filings show that he can present them. Plaintiff also reports that he is no longer confined and has received his property. *See* doc. 89 at 1.

**Ordered** in Jacksonville, Florida on November 5, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Abdelaziz Hamze, #L81379, pro se
Columbia Correctional Institution Annex
216 S.E. Corrections Way
Lake City, FL 32025
Brian Ronald Flynn-Fallon, Esquire
Erik Kverne, Esquire